IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEREMY KISH,

Plaintiff,

v.

CSP SAC PRISON, et al.,

Defendants.

No. 2:26-cv-0111-DAD-ICD-P

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND

(Doc. No. 9)

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action on January 14, 2026, seeking relief pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(17).

On July 23, 2026, the assigned magistrate judge issued findings and recommendations recommending that this action be dismissed with prejudice due to plaintiff's failure to state a claim upon which relief may be granted because plaintiff's claim is for the loss of his personal property following a prisoner transfer and California provides an adequate post-deprivation remedy by way of a state tort claim. (Doc. No. 9 at 2) (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)). In light of the nature of the pleading deficiency the magistrate judge also concluded that the granting of leave to amend the complaint would be futile. (*Id.* at 3.)

Those findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days of service. (*Id.*) No objections to the findings and recommendations have been filed by plaintiff and the time to do so has passed.[1]

The Court has reviewed the file and finds the findings and recommendations to be supported by the record and the magistrate judge's analysis.

Accordingly:

1. The findings and recommendations issued July 23, 2026 (Doc. No. 9), are adopted in full;
2. This action is dismissed with prejudice due to plaintiff's failure to state a claim upon which relief can be granted; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **November 6, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

---

[1] On October 1, 2026, the court received a filing from plaintiff styled as a "motion hearing request to reopen case" in which plaintiff repeats his claim of having been deprived of his property following his prison transfer. (Doc. No. 11.) Even if timely filed and considered as an objection, the filing provides no basis upon which to reject the pending findings and recommendations.